UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JESSIE LAMAR MERCER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-CV-201 JAR ) |
| CAPE GIRADEAU COUNTY JAIL, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $15, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against the Cape Girardeau County Jail (the "Jail"), Unknown Mulcahy, Unknown Stevens, Unknown Crites, Christian Phelps, and Community Counseling of Cape Girardeau ("Community Counseling").

Plaintiff was booked into the Jail on February 2, 2016. He says that he discussed his need for psychiatric medications with his attorney. However, he did not have a current prescription or a doctor. On March 17, 2016, he sent a request to defendant Mulcahy to be seen by a psychiatrist or psychologist. A few weeks later, an employee with Community Counseling visited and took his history. That person told him he would be seen by a doctor within a few weeks. As of the date he filed the complaint, he had not been seen by a doctor from Community Counseling.

On June 28, 2016, plaintiff met with defendant Phelps, who is a mental health specialist with the Jail. She told plaintiff she would ask Mulcahy to look into when he would be seen by a doctor. Plaintiff did not hear back from Mulcahy. He says he is "in extreme mental stress . . .". He claims that dealing with the stress made it difficult to decide whether or not to plead guilty in his criminal case. However, he pled guilty to second-degree burglary five days after he mailed his complaint to the Court. *Missouri v. Mercer*, No. 16CG-CR00071-01 (Cape Girardeau).

Plaintiff requested Ramadan meals in June 2016. Defendant Stevens denied his request because he is not Muslim. He admits to being Christian. Plaintiff claims defendants Stevens and

2

Crites violated his rights when they searched his cell for signs of his religion. Plaintiff did not profess to be Muslim or request to change his official religion.

## Discussion

Plaintiff's claim against the Jail is legally frivolous because it cannot be sued under § 1983. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). The allegations do not show that either Mulcahy or Phelps deliberately disregarded his psychiatric needs. They show that Mulcahy processed his request and he was visited by Community Counseling. And Phelps told him she would ask Mulcahy to look into the situation. As a result, these allegations fail to state a claim upon which relief can be granted.

Assuming Community Counseling is a proper defendant in this suit, the Court finds that plaintiff's allegations against it fail because he has not alleged that a policy or custom of defendant led to his injuries. *See Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

Plaintiff's First Amendment religion claim is legally frivolous because he has not alleged that defendants prevented him from practicing his religion. Prisoners do not have a clearly

3

established right under the First Amendment to practice religions with which they have no affiliation. As a result, the complaint is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $15 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 23rd day of September, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

4